THOMAS et al. v. LINDER.

No. 9888.

Court of Civil Appeals of Texas.
Austin.

June 14, 1950.

Rehearing Denied July 12, 1950.

Lee Curtis, of Belton, and Coleman Gay, of Austin, for appellants.

Polk Shelton and Looney, Clark & Moorhead, Everett L. Looney and R. Dean Moorhead, all of Austin, for appellee.

ARCHER, Chief Justice.

C. Linder, appellee herein, sued J. E. Thomas and H. Ratliff, a partnership, appellants herein, in the District Court of Travis County, Texas, to recover rental on a Lima Paymaster shovel with various attachments therefor, allegedly due him. The allegations in the petition are that Von Linder (son of C. Linder), acting as agent for the appellants, executed a written lease on the equipment on January 5, 1946, obligating the appellants to pay $816 per month as rental for the shovel and $321 per month as rental for the dragline bucket and clamshell bucket.

The appellants' answer was a sworn denial of the execution of the lease by anyone authorized to act for them, and that Von Linder did not have any authority to execute the lease on behalf of appellants, and that appellee, C. Linder, did not own the equipment.

The plaintiff alleged that the shovel and equipment had been in the possession of defendants for thirty months and sought judgment for $36,852, for reasonable attorney's fees, and costs of suit.

The trial was had before the court without a jury. At the conclusion of the trial judgment was rendered in appellee's favor for $14,392.50, being rental for 73 weeks at the rate of $172.50 per week, amounting to $12,592.50, plus $1,800 attorney's fees. The lease provided for a specific rental of $1,137 per month. During the course of the trial it was developed that the maximum rental under the O.P.A. ceiling prices then in effect was $690 per month. The trial court found that the shovel and other equipment were actually used 73 weeks, and that the rental ceiling for these items was $690 per month, and rendered judgment in the case for plaintiff.

The trial court in his findings of fact and conclusions of law found that appellee, C. Linder, owned the shovel and all other equipment covered by the lease, and that Von Linder was a superintendent of the appellants at the time of the execution of the lease, and had both express and implied authority to act for appellants in the execution of the lease.

The appeal is before this court on six points assigned as error by the trial court in holding that appellants leased the Lima shovel from appellee, because such finding is against the preponderance of the evidence, and in the interest of justice a new trial is required; and that the finding that appellants authorized the execution of the lease is so against the preponderance of the evidence as to require a new trial in the interest of justice; and, third, the rendition of a judgment in appellee's favor on the lease contract, because it was illegal in providing for a rental in excess of the maximum permitted under O.P.A. regulations; and in rendering judgment for rental at the maximum legal rate in the absence of pleading of mutual mistake, or for reformation of contract; and in holding that there was evidence to support a finding of mutual mistake in the rental rate in the contract; and, sixth, the error of the court in awarding attorney's fees.

The court filed findings of fact and conclusions of law and found that C. Linder owned the equipment in question, and that Von Linder executed the lease (a copy is embodied in the findings) and that he was superintendent for Thomas & Ratliff at the time the lease was executed, and had both express and implied authority to act for the partners in the lease transaction. That appellants took possession of the property described in the lease on January 5, 1946, and kept the shovel until April 1, 1948, and continued to have possession of the other equipment; that the rental rates were fixed in the lease on the representation of the agent of appellants, and that it was the intention of the parties that the appellants should pay rental for said equipment only while it was in actual use; and that the maximum rental for the shovel and other equipment was $690 per month, and that the higher rates in the lease were the result of mutual mistake. The court found that $1,800 was a reasonable attorney's fee; that Thomas & Ratliff used the equipment for 73 weeks, and that the maximum weekly rental rate under O.P.A. ceiling prices was $172.50 for all of the equipment; that the defendants have not paid the plaintiff any sum for the use of the equipment.

The court concluded as a matter of law that C. Linder owned the shovel and equipment, and that Von Linder was authorized to and did execute the lease on behalf of Thomas, & Ratliff, and that a portion of the lease agreement as to its terms of existence was ambiguous and construed the instrument to mean that Thomas & Ratliff should pay rental only while the equipment was in actual use on their project; that there was no intent to charge a higher rental rate than permitted under the O.P.A. ceiling prices, and that to the extent that the rental provided in the rental contract exceeded the maximum permitted under O.P.A. ceiling prices was the result of a mutual mistake, and that the maximum rental rate was $690 per month; and that the plaintiff would recover judgment as hereinabove mentioned.

The first and second points of error are that the court's finding that appellants leased the shovel, or that appellants authorized Von Linder to execute the lease contract as their agent, are so against the preponderance of the evidence as to require a new trial in the interest of justice.

The trial court expressly found that C. Linder owned the shovel and other equipment, and that Von Linder had both express and implied authority to execute the lease. Appellants concede that there was some evidence to support these findings, but that the findings are so against the preponderance of the evidence as to require a reversal in the interest of justice.

The evidence is long and conflicting. C. Linder testified that he purchased the shovel and other equipment in August 1945, paying cash for it; that it was first pointed out to him earlier in the month by Horace Miller with Von Linder (son of C. Linder), with the suggestion that he buy the shovel and rent it to Von Linder. The Southwest Trucking and Equipment Company, from which company the shovel was purchased, gave a receipt, signed by S. C. Hill, its agent, made out to C. Linder, and bearing date 8–15–45. Hill testified that the handwriting appeared to be his, and that to the best of his judgment was his; that he didn't know the exact date the receipt was written, but sometime after the sale. There was in evidence a bill of sale to the equipment, signed by S. C. Hill and W. W. Kingsbury, dated August 15, 1945, to C. Linder. There was a conflict in the evidence as to when the bill of sale was made out, but that the name, C. Linder, was put in it when the bill of sale was made. Horace Miller testified that he was present when C. Linder bought and paid for the equipment, and that Hill made out the receipt at that time. Von Linder testified as to the purchase of the shovel by his father. The evidence was such that the trial judge could and did give credit to the testimony that C. Linder actually purchased and owned the shovel at all times since the purchase thereof.

Von Linder testified that he executed the lease on behalf of Thomas & Ratliff; that prior to the leasing of the equipment Ratliff asked him if he thought that appellants could rent the shovel for use on a job in Cameron; Von Linder responded that he thought such rental could be had, and, after ascertaining from C. Linder that the shovel could be rented, reported this to Ratliff, and after some further discussion Ratliff told witness Von Linder to go ahead and rent the shovel; that Thomas & Ratliff sent one of their trucks to haul the shovel to the job; that the rental was on the O.P.A. ceiling price.

Von Linder testified that he was carried on appellants' pay roll as a superintendent and was paid a weekly wage. Von Linder had leased other equipment for appellants. The shovel was used on the bridge job in Cameron for a long time, and in other counties. Von Linder testified that he was a subcontractor on some jobs which Thomas & Ratliff had bid in for him, but that he was not eligible under the Highway Department regulations as such, and that he was carried as superintendent, as well as his employees, as employees of appellants, and that appellants charged him with such pay roll and other advancements, and received 5% of the total contract plus 6% interest on all advancements.

Von Linder gave further testimony as to other instances where he had made

leases and purchases on behalf of appellants.

Appellants Thomas & Ratliff testified as to the subcontractors and that Linder was carried as a superintendent; that they bid in the jobs, made the necessary advancements for the operation of the jobs; carried Linder and his employees as their employees on pay rolls, and made all deductions as to social security and income taxes, etc., and charged the account with 6% interest and with a 5% charge on the contract price. Ratliff gave testimony concerning the acts of Von Linder, in either leasing or purchasing equipment for them. Letters were written by appellants to the Highway Department in connection with projects on which Von Linder worked, stating: "This is to advise that Mr. Von Linder will be our superintendent on caption project, and is duly authorized and empowered to act in our behalf in all matters pertaining to the work on caption project."

Further testimony was given by appellants as to others with whom they had dealings as superintendents and that only leases authorized by them prior to the making of such were authorized.

In June 1946, appellants gave written notice to people with whom they had dealings that only the persons named in the letter were authorized to make purchases, rent equipment, or have repairs made on account of Thomas & Ratliff; and Von Linder was not one of those designated in the letter. There was testimony concerning money borrowed and money paid to appellants by Von Linder and as to costs paid on other equipment; as to rent paid Von Linder for the Lima shovel; as to the execution of the receipt, the insertion of the name "C. Linder"; the use of pens; testimony of a handwriting expert; as to Von Linder telling appellants that he owned the shovel; the execution of a blank mortgage; and other and further testimony given in detail, but which we do not deem essential to set out fully.

■■ The trial court was privileged to weigh all of the testimony, to believe or disbelieve the testimony of the witnesses, and to pass on the credibility of the witnesses; and having done so in this case and having resolved the facts in favor of the plaintiff, we do not believe that the finding is so manifestly against the preponderance of the evidence as to require us to reverse the case and grant a new trial. 3-B Tex.Jur., pp. 454–463; 45 Tex. Jur., pp. 288–289; Funk v. Miller, Tex.Civ. App., 142 S.W. 24; Weatherford v. Coffin, Tex.Civ.App., 187 S.W.2d 406; 3-B Tex. Jur., pp. 457–464; Taylor v. Stanford, Tex. Civ.App., 229 S.W.2d 427.

The first two assignments are overruled.

The third assignment is that the lease contract was illegal in that it provided for rental in excess of the maximum permitted under O.P.A. regulations.

The lease contract provided for a monthly rental of $1,137; whereas, the maximum O.P.A. rental was found to be $690 per month.

The trial court found that the amount of the monthly rental provided for in the lease in excess of the maximum under O.P.A. was inserted through mutual mistake, and this finding is reasonably supported by testimony in the case.

Von Linder testified that the O.P.A. ceiling price was $1,137 per month; that he got the figures out of a manual which he thought reflected the correct O.P.A. ceiling price, and that he told C. Linder that the shovel could be rented for $816 per month and the other equipment for $300, and appellee agreed to rent on this figure.

The defendants did not plead that the contract was illegal, but the contract was before the court and testimony was heard and finding made as to the O.P.A. ceiling price.

The plaintiff did not plead mutual mistake or for a reformation of the contract.

■ The court was required to take judicial knowledge of the O.P.A. ceiling price.

■ We do not believe that the insertion of an amount in excess of O.P.A. maximum rental was a wilful act, made in violation of O.P.A. ceiling, and therefore the contract is not wholly void and may be

enforced up to the amount permitted by the O.P.A. ceiling. Miller v. Long-Bell Lbr. Co., Tex.Sup., 222 S.W.2d 244.

We overrule the third assignment.

■ The fourth point is the error of the court in rendering judgment for rental at the maximum legal rate in the absence of pleading of mutual mistake or prayer for reformation.

As above stated, the plaintiff did not plead mutual mistake or seek reformation of the contract, or seek judgment in any way based upon any theory of quantum meruit, but sought and obtained judgment on his lease contract.

The defendants did not plead the illegality of the contract, as is provided by Rule 94, Texas Rules of Civil Procedure.

From a careful consideration of the entire record we have concluded that these unplead issues were tried by consent. Rule 67, T.R.C.P. This matter is further alluded to in our discussion of appellee's cross-assignments.

We overrule the fourth assignment.

■ The fifth assignment is directed to the error of the court in holding that there was evidence to support a finding of mutual mistake in the rental rate as stated in the lease contract.

There was no pleading that the illegal rental rate was inserted by mistake.

Von Linder testified, as hereinabove set out, as to how he arrived at the sum of $1,137 by the use of a manual in the office of appellants, and of a formula used in arriving at a rate, by the term, day, week or longer duration, and of amounts paid for the use of other similar equipment, and as to conversations had with Mr. Ratliff and Mr. Baugh.

The trial court found that there was mutual mistake, and such finding has support in the record.

Von Linder testified that Mr. Ratliff was willing to pay the ceiling price. That the intention was to pay the maximum rental under O.P.A.

"The mistake must have occurred through the reduction of the understanding and agreed intent of the parties to writing, so that the instrument does not represent their real agreement." 36 Tex.Jur., p. 744. Zieschang v. Helmke, Tex.Civ.App., 84 S. W. 436.

The appellants, in an exhaustive brief, have cited authorities and cases which we have given careful concern and consideration, but we believe that this is a case in which, under the testimony, the trial court could have made the finding of mutual mistake.

■ The sixth point assigns as error the action of the court in awarding a judgment for attorney's fees.

Paragraph 13 of the "General Conditions" of the purported lease between appellee and appellants for the use of the shovel contains the following provision: "13. Lessee agrees to pay Lessor all costs, expenses and charges, including reasonable attorney's fees, which may be incurred by Lessor in enforcing this lease or in prosecuting any remedy provided for herein: * * *."

There was introduced evidence from which the court could properly have found, as he did find, that the sum of $1,800 was a reasonable attorney's fee.

The appellants made the point that no attorney's fees were *incurred* by appellee in connection with the suit.

We believe that the institution and prosecution of the suit was such as to incur the attorney's fees as provided in paragraph 13. See Schutze v. Dabney, Tex.Civ.App., 204 S.W. 342, reversed on other grounds, Tex.Com.App., 228 S.W. 176; Tinch v. Fain-Townsend Co., Tex.Civ.App., 59 S.W. 2d 299.

The sixth assignment is overruled.

The appellee has made five cross-assignments of error directed to the action of the court in giving consideration to the question of whether or not the rental called for in the lease contract was in excess of the O.P.A. ceiling rental, and that there was no competent evidence from which the trial court could ascertain the correct O.P.A. ceiling rental either by judicial notice or otherwise; and that since the illegality of the contract was not pleaded by appellants and since there was not proven suffi-

cient facts to permit the trial court to ascertain the correct O.P.A. ceiling rental, that judgment should have been given for 73 weeks at $284.25 per week, plus attorney's fees of $1,800; and that the court erred in construing the lease contract as calling for rental only during the period that the equipment was in actual use; and the fifth to the effect that since illegality of the contract was not pleaded, and sufficient facts were not proven to permit the trial court to ascertain the correct O.P.A. ceiling rental, and the error of the court in construing the contract as calling for rent only during the time the equipment was used by appellants, that appellee is entitled to judgment for the full rental of $1,137 per month from January 5, 1946, to date of final judgment.

We do not deem it necessary to discuss in detail the cross-assignments, since the disposition which we have made of assignments made by appellants and the application of the law thereto. We overrule these cross-assignments.

There never was any doubt but what the defendants were relying on the fact that the rental named in the lease was in excess of the ceiling rental under O.P.A. regulations. Evidence was introduced during the trial to that effect, and no objections were made on the ground that the O.P.A. ceiling price had not been pleaded. Rule 67 provides that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * failure so to amend shall not affect the result of the trial of these issues." See also Rule 90. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

There was the testimony of Von Linder concerning the ascertaining of the O.P.A., which we have herein referred to, from which the trial court could make a finding as to the correct O.P.A. rental ceiling, and by judicial notice. Morgan v. Young, Tex.Civ.App., 203 S.W.2d 837; 44 U.S.C.A. § 307.

The trial court construed the contract in the light of all attendant circumstances, and found that the provision as to termination was ambiguous, and found that rental was to be paid only while the equipment was in actual use. We do not feel justified in overruling the action of the court.

The fifth and final cross-assignment raises three points which we have considered in the first four cross-assignments.

The judgment of the trial court is affirmed.

Affirmed.