**W. G. DAVIDSON, Appellant,**

**v.**

**Ben B. McCOLLUM, Appellee.**

**No. 4206.**

Court of Civil Appeals of Texas.

Eastland.

March 29, 1968.

Ennis Favors, Stephenville, for appellant.

C. O. McMillan, Stephenville, for appellee.

GRISSOM, Chief Justice.

Ben B. McCollum sued W. G. Davidson on a promissory note dated March 20, 1959, for $740.66. He prayed, among other things, for judgment for his debt, for interest "and for full general and special, legal and equitable relief." Davidson answered that there was no consideration for the note; that, "if executed", it was "executed for an alleged past due debt, which never existed and which had been paid."

He further answered that on March 20, 1959, plaintiff told him he owed plaintiff for some insurance and asked him to sign a blank note therefor; that he did not owe plaintiff for insurance but, believing plaintiff's representation and relying thereon, he signed the note; that if plaintiff held his note, which he denied, that it was executed on the assumption that he owed plaintiff for insurance but that he was "now advised from his books and records" that he did not owe plaintiff for insurance at that time; that he had paid for all policies written and, if plaintiff held his note, it was a nullity because it was executed without consideration. The defendant then denied that he executed a note for any amount. But, he alleged that, if the instrument sued on was a note, it was blank when he signed it and it was intended for a smaller amount, which smaller amount was represented by plaintiff to be the correct amount then owing for insurance. Said answer was sworn to.

The court submitted one issue to the jury. It inquired what was the correct amount of said insurance account when the note was executed. The jury answered "$631.16." No other issues were requested. No objection was made to the submission of the case on that one issue. Based on said verdict, the court rendered judgment for Mc-Collum for the amount found by the jury to be the correct amount of said insurance account on March 20, 1959, to-wit, $631.16. Davidson has appealed.

■ Appellant presents two points: that the court erred (1) in submitting the case on the wrong theory, because it was not pleaded or tried on the theory of an open account, and because (2) the jury found the amount of the account was different from the amount written into the note. Appellee's third counterpoint is that the issue of the correct amount of said account at the time the note was signed was tried by the implied consent of the parties. We sustain that counterpoint and overrule appellant's points. Appellee introduced his ledger sheets showing appel-

lant's insurance account. The note signed by appellant showed a credit on the back and a balance of $688.66. Appellee's ledger sheet showed an account owing on November 30, 1958 of $791.01, and a credit thereon of $102.35, leaving a balance of $688.66, and that the account was balanced by receipt of plaintiff's note for $688.66. Appellee testified that the $102.35 credit on the note was due to a charge of that amount for insuring appellant's truck; that appellant sold the truck and when appellee learned thereof he credited appellant's account with the amount of that premium, to-wit $102.35, leaving a balance of $688.66. The insurance account showed an interest charge of $52.50. Appellee testified that he guessed at that amount of interest, thinking it was less than 6%, and that he did not actually calculate the interest. The jury found that the amount due on the account on March 20, 1959 was $631.16. Appellee plausibly reasons that the jury did not allow the $52.50 interest charge and that it probably misread the November, 1956 item of $95.75, shown on the badly worn account, as $90.75. This is a reasonable explanation of the difference in the jury's finding of the correct amount of the account and the principal of the note. We have carefully studied the statement of facts. It compels the conclusion that the issue as to what was the correct amount of the insurance account on the date of the note was tried by the implied consent of the parties. Most of appellee's testimony dealt with items of the account. The greater part of appellant's testimony, on direct, cross and redirect examination concerned items charged to the account, whether or not they were proper charges and whether they had been paid. Appellant called his wife as a witness. Most of her testimony related to the amount owed appellee for insurance. When appellee was recalled to the witness stand, his testimony related almost entirely to items of the insurance account. Appellant's real defense which was actually presented and contested upon the trial was that he did not owe on the account as much as the principal of the note. It was undisputed that the note was

given for appellant's insurance account. The issue disputed and tried was what was the correct amount of that account on the day appellant signed the note. There is a suggestion in the record that appellee continued to renew insurance policies on one of appellant's trucks after he had obtained insurance thereon from another source. Appellant testified that when he signed the note the amount was blank, but he admitted that it was agreed that appellee would fill in the amount owing on the account. See Seaman v. Seaman, Tex.Civ.App., 417 S.W. 2d 86 affirmed March 6, 1968. The principal of the note was the amount appellee's records showed appellant owed on the account at the time he signed the note.

At the close of such evidence, the court submitted only one quesion, to-wit, what was the correct amount of the account when appellant signed the note. Appellant did not request submission of any other issue or defense. He made no objection to submission of the case on that one issue. His defense, that he did not owe on the account as much as the principal of the note, was included in the issue submitted. Texas Rules of Civil Procedure 67 provides that when issues not raised by the pleadings are tried by implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. The law is now definitely settled that, under these circumstances, an issue of fact not raised by the pleadings may be tried by the implied consent of the parties and when it is such issue is treated in all respects as if it had been raised by the pleadings. It is also established law that, despite introduction of evidence on said issue without objection that there were no pleadings to support it, that appellant, if he desired, could have still prevented a trial by implied consent of the issue of the correct amount of the insurance account by simply objecting to its submission becaue it was not raised by the pleadings. Having contested that issue throughout the trial and having permitted submission of the case on that issue alone, without objection or request for any other issue, it is evident that it was tried by the implied consent of the parties. Hearne v. Bradshaw, 158 Tex. 453, 312 S.W.2d 948, 950; Matthews v. General Accident Fire & Life Assurance Corp., 161 Tex. 622, 343 S.W.2d 251, 255; Strong v. Garrett, 148 Tex. 265, 224 S.W.2d 471, 477; Harkey v. Texas Employers' Ins. Assn., 146 Tex. 504, 208 S.W.2d 919, 922; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Thomas v. Linder, Tex.Civ.App., 231 S.W.2d 891, (writ ref.); McKenzie v. Carte, Tex.Civ. App., 385 S.W.2d 520, (Ref. n. r. e.); Zorola v. Bishop & Son, Tex.Civ.App., 401 S.W.2d 713, 715 (Ref. n. r. e.).

The judgment is affirmed.