Troy HOLDER, Appellant,

v.

Vivian HOLDER, Appellee.

No. 822.

Court of Civil Appeals of Texas, Tyler.

Sept. 25, 1975.

L. L. Geren, Bradley & Geren, Groesbeck, for appellant.

Bert Creel, Tyler, for appellee.

MOORE, Justice.

This is an appeal from a judgment of the Court of Domestic Relations of Smith County, Texas, holding appellant, Troy Holder, in contempt of court for failure to make child support payments as ordered by that court and awarding Vivian Holder judgment for $7,980.00 delinquent child support payments.

Appellant, Troy Holder, and appellee, Vivian Holder, were formerly husband and wife, being divorced in 1965. Prior to the divorce the parties entered into a property settlement agreement in which appellant agreed to pay the sum of $35 per week for the support of his three minor children. The agreement was incorporated into and made a part of the divorce decree. The suit·

made the basis of this appeal commenced in April of 1974, when appellee filed an affidavit for contempt against appellant for failure to make the support payments of $35 per week as ordered in the divorce decree. After a trial before the court, sitting without a jury, the court held appellant in contempt for failure to make the child support payments and awarded appellee a $2,000.00 attorney's fee and ordered appellant confined to jail. The judgment, however, further provided that appellant could purge himself by paying appellee's attorney's fees of $2,000.00, plus court costs within a period of thirty days. In addition to holding appellant in contempt the trial court also rendered judgment against appellant in favor of appellee for $7,980.00 for delinquent child support payments. Appellant purged himself of contempt by paying the attorney's fees and court costs and now appeals contending first that the court erred in holding him in contempt, and secondly, that the court erred in rendering judgment against him in the amount of $7,980.00 for delinquent child support payments.

■■■ With regard to appellant's first contention, it is now settled that the appellate courts of this state are without power by ordinary appeal to review contempt proceedings; the only review that can be had in this instance is by an original proceeding by habeas corpus. *Wagner v. Warnasch*, 156 Tex. 335, 295 S.W.2d 890, 893 (1956); *Padfield v. McInosh*, 267 S.W.2d 224, 225 (Tex.Civ.App., Fort Worth 1954, writ dism'd). Consequently, this court is without jurisdiction to review that portion of the judgment holding appellant in contempt and ordering him to jail. *Grace v. McCrary*, 390 S.W.2d 397, 398 (Tex.Civ. App., Waco 1965, writ dism'd). Appellant's points of error complaining of this portion of the judgment are, therefore, dismissed.

The only remaining matter left for our consideration is appellant's contention that the trial court erred in awarding appellee judgment for $7,980.00 for delinquent child support payments. Appellant's sole contention is that the judgment rendered against

him for delinquent support payments is excessive. Appellant stipulated that $1,119.16 was due and owing by him and upon appeal contends that the trial court erred in awarding appellee a judgment for $7,980.00 rather than for $1,119.16. As we view the record the contention is without merit and must be overruled.

At the time of the 1965 divorce decree, appellant and appellee were the parents of three minor children: Wendy Gail Holder born September 8, 1949, Sherrie Lynn Holder born October 24, 1950, and Penny Kay Holder born August 30, 1956. Twenty-six weeks after the child support payments were to begin, Wendy Gail Holder married and 33 months later Sherrie Lynn Holder turned 18 years of age. Appellant argues that he was entitled to a ⅓rd reduction in the amount of the support payments when Wendy married and to another ⅓rd reduction when Sherrie turned 18. Appellant contends that the trial court erred in refusing to give him the benefit of these reductions and consequently he contends judgment is excessive.

Appellant relies on the holding in *Ex Parte Williams*, 420 S.W.2d 135 (Tex.1967). Generally that case stands for the proposition that the courts are without power to order child support payments after a child marries or reaches the age of 18. The case, however, does not stand for the proposition that the courts are without power to enforce a previous judgment for child support, when the divorce decree initially ordering those payments was a consent judgment. *Williams* was not a case involving a consent judgment and is therefore distinguishable.

■■■ The settlement agreement entered into prior to the 1965 divorce decree recites that Troy Holder "agrees to pay THIRTY–FIVE AND NO/100 ($35.00) DOLLARS a week into the registry of the court for the support and maintenance of said minor children." There is nothing in the agreement indicating the parties agreed that the $35 per week payment was to be reduced in the

event of a child's marriage or when a child reached the age of 18. The 1965 divorce judgment also recites appellant was to pay $35 per week for the support of "his minor children." It also fails to provide for a reduction in payments. The settlement agreement was attached to and made a part of the 1965 divorce judgment. In our opinion the 1965 judgment, insofar as it relates to the amount payable for child support, must be construed as a consent judgment. *Brady v. Hyman*, 230 S.W.2d 342, 343–45 (Tex.Civ.App., San Antonio 1950, no writ). A consent judgment is interpreted like a contract between the parties and is governed by the laws relating to contracts. *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786, 787 (1941); *Brady v. Hyman*, supra. Consent judgments are, in effect, merely contracts acknowledged in open court and ordered to be recorded, but as such they are binding on the parties as fully as are other judgments. *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234, 239–41 (1961); *Akin v. Akin*, 417 S.W.2d 882, 885 (Tex.Civ.App., Austin 1967, no writ); *Prince v. Frost-Johnson Lumber Company*, 250 S.W. 785 (Tex.Civ.App., Beaumont 1923, no writ).

Appellant makes no contention that the settlement agreement or the 1965 consent judgment is ambiguous. The trial court interpreted the consent judgment to mean that appellant consented to pay the sum of $35 per week so long as any of his children were minors under the age of 18. Since neither the settlement agreement nor the 1965 consent decree provided for a reduction in the amount of the weekly payment, we think the consent decree was subject to the interpretation that appellant agreed to pay the sum of $35 per week so long as any of his children were under 18 years. The trial court rendered judgment on that basis and we fail to find error in such ruling.

In conclusion it should be pointed out that while this suit originally commenced as a contempt proceeding, appellant has no point challenging the judgment on the ground that it was not supported by the pleadings. The record reveals that the issue of appellant's liability on the 1965 consent judgment was before the court. Moreover, appellant pleaded the two- and four-year statute of limitations and the trial court gave appellant the benefit of the four-year statute on all payments more than four years past due. In support of the judgment, it must be presumed that the issue of appellant's liability under the 1965 consent judgment was tried by consent. *Davidson v. McCollum*, 427 S.W.2d 358, 360 (Tex.Civ.App., Eastland 1968, no writ); Tex.R.Civ.P. 67.

The judgment of the trial court is affirmed.