**Mary Glover DAVIS, Appellant,**

v.

**Earnest O. DAVIS, Appellee.**

**No. 8356.**

Court of Civil Appeals of Texas, Texarkana.

Dec. 16, 1975.

Herbert Green, Jr., Dallas, for appellant.

Truett E. Bean, Lancaster, for appellee.

CORNELIUS, Justice.

This is a divorce action. In response to jury findings, a divorce was granted and appellant was appointed managing conservator of the parties' minor child. No jury issue was submitted on visitation rights, but the judgment awarded appellee such rights ·under specified conditions.

Appellant contends that, since the jury did not pass upon visitation rights it was error for the court to do so. This contention is overruled. The effect of the court's award of visitation rights to appellee was to appoint him possessory conservator. Section 14.03, Tex.Family Code Ann. provides that the court may appoint a possessory conservator and set the time and conditions for possession of or access to the child, and further that the court *shall* prescribe the rights, duties and privileges of the possessory conservator. Subsection (c) of that section provides that the court may not deny either party access to a child unless it finds that parental possession or access is not in the best interest of the child and would endanger the physical or emotional welfare of the child.

■ Article 4639a, Tex.Rev.Civ.Stat.Ann. governed jury trials in custody matters prior to the adoption of the Family Code. That statute was construed as not allowing, as a matter of right, a jury determination of visitation privileges. See *Henderson v. Youngblood,* 512 S.W.2d 35 (Tex.Civ.App. El Paso 1974, no writ); *Walker v. Showalter,* 503 S.W.2d 624 (Tex.Civ.App. Houston (1st Dist.) 1973, no writ). Section 11.13 of the Family Code now provides as follows:

"(a) In a suit affecting the parent-child relationship, except a suit in which adoption is sought, any party may demand a jury trial.

"(b) The verdict of the jury is binding on the court except with respect to the issues of managing conservatorship, possession, and support of *and access* to a child, on which the verdict is advisory only, provided, however, the court may not enter a decree that contravenes the verdict of the jury on the issues of managing conservatorship, possession of, *or access to a child.*" (Emphasis supplied)

That section appears to give either party the right to a jury finding on the issue of

428

"access." However, neither appellant nor appellee requested a jury issue on visitation rights or objected to the lack of one. Unless an omitted issue represents an independent ground of recovery, the failure of either party to request an issue or object to the failure to submit an issue constitutes a waiver of a jury determination and an agreement for the court to find that issue in accordance with the evidence. Rule 279, Tex.R.Civ.P. In view of the wording of Section 14.03 of the Family Code, it does not appear that a determination of visitation or access rights can be said to be an "independent ground of recovery." It is rather a duty of the court which is necessarily incidental to the award of custody. That being true, the failure of either party to request an issue or object to the failure to submit an issue on visitation or the denial of access constituted an election for the court to determine the question.

■ Appellant next complains of a judgment of contempt entered against her in connection with the court's order prescribing visitation rights. This court has no jurisdiction to review a contempt order by way of appeal. Such a review can only be effected by an original application for writ of habeas corpus. *Wagner v. Warnasch,* 156 Tex. 335, 295 S.W.2d 890 (1956); *Holder v. Holder,* 528 S.W.2d 113 (Tex.Civ.App. Tyler 1975, no writ).

■ Appellant also asserts that as there was no jury determination of visitation rights, Section 14.08(d), Tex.Family Code Ann. prevents the court from making such determination until after the expiration of one year from the date of the divorce. Our holding with reference to the first point of error effectively disposes of this point and it is respectfully overruled.

The judgment of the trial court is affirmed.