**Robert Lee BARSCH, Appellant,**

v.

**Ann Marie BARSCH, Appellee.**

**No. 1016.**

Court of Civil Appeals of Texas, Tyler.

May 12, 1977.

Donald L. Wright, San Antonio, for appellant.

William M. Porter, San Antonio, for appellee.

McKAY, Justice.

This is an appeal from an order granting the appellee-wife's motion to vacate an original decree of divorce and to hold the appellant-husband in contempt of said prior decree. We are not presented with a statement of facts or any findings of fact by the trial court.

The transcript in this cause shows the following: The parties were married on or about October 1, 1954. On or about May 1, 1975, they separated and ceased to live to-

gether. The parties had one child, Robert Lee Barsch, born to the marriage on June 24, 1958, who at the time of the filing of the divorce petition resided with appellee. Appellant filed an original petition for divorce on June 4, 1975. On the trial on the merits held on August 5, 1975, the appellant appeared in person and by attorney and announced ready for trial, while the appellee waived issuance and service of citation by waiver, duly filed, and did not appear. The court granted the divorce, appointed appellee as managing conservator of the child and appellant as possessory conservator of the child and ordered appellant to pay the sum of $100.00 per month as child support. As a part of the property settlement agreement, the court further ordered appellant to pay to appellee the sum of $200.00 per month "from the date of this divorce decree until she becomes a trade school graduate or until the child reaches the age of 18, whichever occurs first." Appellant and appellee were each awarded an undivided one-half interest in "the house and lot located at 922 Ware, San Antonio, Texas."

On March 5, 1976, appellee filed a motion for contempt against appellant alleging that he had failed to make any of the aforementioned $200.00 payments since November, 1975, that she was in possession of a 1968 Buick automobile at the time of the decree, that appellant dispossessed her of said automobile in January, 1976, and that he apparently disposed of the same through his used car business. She also alleged that he had "failed and neglected to execute an assumption deed to the property at 922 Ware Street . . ." Upon such motion hearing was set for March 23, 1976. On the day of this hearing appellee filed an application for bill of review and motion to vacate judgment, alleging that appellant, in person and by and through his attorney, had committed extrinsic fraud by procuring a divorce decree on August 5, 1975 contrary to the one agreed upon by appellee and her attorney to be entered after the expiration of sixty days from the date of the original filing of the suit for a divorce. Upon hearing of both matters the same day, March 23, 1976, the trial court in its order dated April

5, 1976, found appellant, in person and by and through his attorney, guilty of extrinsic fraud as alleged by appellee, vacated the divorce decree of August 5, 1975, and carried forward virtually all of the orders of the prior divorce decree, with the exception of the disposition of the homestead at 922 Ware Avenue, San Antonio, Texas, to "remain in force and effect as temporary orders effective during the pendency of the suit . . ." retroactive to August 5, 1975. The court further found that appellant had failed for the previous five months to pay appellee the $200.00 per month provided for in the original divorce decree and ordered appellant be "confined to the Bexar County Jail . . . for a period of (5) days or until he purges himself of the contempt by payment of $1,000.00" to appellee. On April 26, 1976, a final judgment of divorce was entered making the prior orders final, awarding the homestead, subject to indebtedness, to appellee, and awarding attorney's fee to appellee.

On March 30, 1976, appellant tendered and paid $1,000.00 into the registry of the court.

Appellant's two points of error complain that the trial court erred (1) "in finding appellant in contempt of court as the court vacated the very order on which the appellant was held in contempt of court and subsequently promulgated temporary orders to replace the said orders" and (2) "in granting judgment for Anna Marie Barsch based on its finding of extrinsic fraud as there existed an absence of sufficient evidence to establish the said extrinsic fraud." The reason stated on both points was that "all of which sanctioned action which deprived appellant of equal protection on the law as guaranteed by the Fourteenth Amendment to the Constitution of the United States." Appellee in her brief includes a plea to the jurisdiction, requesting the court to dismiss the appeal, urging that a court of civil appeals is without power by ordinary appeal to review contempt proceedings.

We agree with appellee's contention that this court is without jurisdiction to pass on the contempt order. It is well settled that a judgment of a court convicting a person of contempt is not subject to revision in any other tribunal unless specially authorized by statute. Relief must be sought by an application for a writ of habeas corpus. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 893 (1956); *Holder v. Holder,* 528 S.W.2d 113, 115 (Tex.Civ.App.— Tyler 1975, no writ); *Davis v. Davis,* 531 S.W.2d 426, 428 (Tex.Civ.App.—Texarkana 1975, no writ). Moreover, the appeal from the contempt order appears to be moot because of appellant's tender and payment of the $1,000.00 assessment into the registry of the court. Point one is overruled.

Point two complains of the "absence of sufficient evidence" to support a finding of extrinsic fraud against appellant. We do not have before us a statement of facts upon which we may determine the question raised by appellant's challenge to the sufficiency of the evidence. Moreover, according to the transcript, no findings of fact and conclusions of law were either requested or filed. Without a statement of facts or findings of fact, such facts as are necessary to support the judgment must be presumed to have been found. *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363, 365 (1945); *Carter v. Servis Equipment Co.,* 378 S.W.2d 894 (Tex.Civ. App.—Houston 1964, writ dism'd); 4 Tex. Jur.2d Part 1, Appeal and Error-Civil Cases, sec. 388, p. 226. Point two is overruled.

The judgment of the trial court is affirmed; appellee is awarded the sum of $350.00 to pay her attorney for preparing a brief in this appeal in accordance with the trial court judgment.