Louis B. **FREEMAN**, Appellant,

v.

Loice Freeman **WILLIAMS**, Appellee.

No. 18212.

Court of Civil Appeals of Texas, Fort Worth.

March 13, 1980.

Rehearing Denied April 10, 1980.

Sherrill & Pace, and Lonny D. Morrison, Wichita Falls, for appellant.

Robert C. Roe, Jr., Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

Loice Freeman (mother) obtained judgment against Louis B. Freeman (father) for unpaid child support for three children. The order was to pay $35.00 per week as child support for three children. The father appealed, contending the weekly child support should be reduced by one-third when

each child reached the age of eighteen. This was a consent judgment.

We affirm.

In the original divorce decree of May 9, 1967, the court ordered the father to pay child support for three children in the amount of $200.00 per month "until said children become eighteen years of age". The father never paid any child support under this judgment claiming that he did not know the divorce had been granted, but he admitted that shortly after the divorce was granted he remarried.

He was cited for contempt for not paying child support and found in contempt and on October 8, 1968, was ordered to pay the delinquent child support payments in the amount of $3,400.00.

The father then applied for a reduction in the child support payments and a modification of the prior order.

On November 6, 1968, the court signed an order reducing the child support to $35.00 per week "until said children become eighteen years of age".

The father paid sporadically under this order. As each of the two older children reached the age of eighteen he reduced the payments by one-third until the youngest reached that age. Then he ceased all payments. The mother then filed an application to hold the father in contempt and also for judgment on the delinquent child support payments under the original order and $35.00 per week under the amended order.

The father answered that the orders for the payment of child support should be construed to mean that the payments would be reduced on a pro rata basis as each child reached the age of eighteen, and, therefore, was so ambiguous and he could not be held in contempt upon the authority of *Ex Parte Slavin*, 412 S.W.2d 43 (Tex.1967). The father also pleaded the ten-year statute of limitations.

The court refused to find the defendant in contempt. On March 19, 1979, it found that the consent judgment for the payment of child support in the amount of $35.00 per week for three children did not provide for a reduction in the amount of weekly payments upon a child attaining the age of eighteen. The judgment was interpreted by the court to provide that the father agreed to pay the sum of $35.00 per week as long as any of his children were under the age of eighteen years and found the father in arrears in the payment of child support within the statute of limitations period in the amount of $2,670.14. Accordingly, judgment was rendered against the father for this amount. It is from this judgment that the father appealed.

It is apparent that the trial court applied the rule that a contempt proceeding is quasi-criminal in nature and the order must be very specific in order to hold the father in contempt. In *Slavin, supra,* that was the holding in a contempt proceeding. However, the case before us is not to be confused with a contempt case.

The court apparently following the holding in *Holder v. Holder,* 528 S.W.2d 113, (Tex.Civ.App.—Tyler 1975, no writ). In *Holder* the facts were strikingly similar. In that case there were three children. After the child support order became effective one child married and another reached the age of eighteen. The father contended he was entitled to a one-third reduction in the amount of the child support payments upon the marriage of one child, and, the like reduction when another child attained the age of eighteen years. In this case, also, there was a consent judgment. Further, the judgment provided that the father was to pay for the support of "his minor children" at the rate of $35.00 per week. The father had also agreed to pay $35.00 per week "for the support and maintenance of said minor children." That court stated:

"Consent judgments are, in effect, merely contracts acknowledged in open court and ordered to be recorded, but as such they are binding on the parties as fully as are other judgments. *Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234, 239–41 (1961); *Akin v. Akin,* 417 S.W.2d 882, 885 (Tex.Civ.App., Austin 1967, no writ); *Prince v. Frost-Johnson Lumber Compa-*

*ny*, 250 S.W. 785 (Tex.Civ.App., Beaumont 1923, no writ)."

That court further found:

"The trial court interpreted the consent judgment to mean that appellant consented to pay the sum of $35 per week so long as any of his children were minors under the age of 18. Since neither the settlement agreement nor the 1965 consent decree provided for a reduction in the amount of the weekly payment, we think the consent decree was subject to the interpretation that appellant agreed to pay the sum of $35 per week so long as any of his children were under 18 years. The trial court rendered judgment on that basis and we fail to find error in such ruling."

As stated herein in our case, the consent modification of the original divorce decree was a consent judgment which is admitted by the father. There is nothing in the judgment indicating the parties agreed that the $35.00 per week payment was to be reduced as each child reached the age of eighteen or married.

Nor is there anything in the record to indicate the parties, as between themselves, agreed to anything different. However, the father testified that he had a different understanding, which he obtained from his own attorney. The judge had signed the modification order without hearing evidence.

We agree with the decision in *Holder* and apply it to resolve this case.

Each of appellant's points of error have been carefully and severally considered and each is overruled.

We affirm.